UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                    Criminal No. 15-19(DSD/BRT)

United States of America,

            Plaintiff,

v.

John Hunter, Sr.,

            Defendant,

   Joseph H. Thompson and Amber M. Brennan, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

   Douglas Olson, Office of the Public Defender, 300 South 4th Street, Suite 107, Minneapolis, MN 55415, counsel for defendant.

   This matter is before the court upon defendant John Hunter, Sr.'s motions for dismissal and judgment of acquittal. Hunter made the motions at trial after the government closed its evidence. The court reserved decision on the motions until after the jury returned its verdict. The jury found Hunter guilty of one count of conspiracy to defraud the United States, eight counts of false claims, and two counts of aggravated identity theft. The court now addresses the motions.

   Hunter bases his motion for dismissal on a theory that the second superseding indictment [ECF No. 35] is insufficient as to counts 10 and 11 for aggravated identity theft because they fail to specify a particular person or means of identification. "An indictment is normally sufficient if its language tracks the

statutory language." United States v. Dvorak, 617 F.3d 1017, 1027 (8th Cir. 2010) (quoting United States v. Sewell, 513 F.3d 820, 821 (8th Cir. 2008)); see also United States v. Hernandez, 299 F.3d 984, 992 (8th Cir. 2002) ("An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted."). Here, the language from the second superseding indictment closely tracks the statutory language. Moreover, the dates of the crimes in counts 10 and 11 correspond to counts 7 and 9 for false claims, which name the individuals whose identities Hunter stole. As a result, the second superseding indictment sufficiently charges Hunter with aggravated identity theft in counts 10 and 11.

Upon a defendant's motion, the court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). When considering a motion for judgment of acquittal based on sufficiency of the evidence, the court views the evidence "in the light most favorable to the verdict, giving it the benefit of all reasonable inferences." United States v. Cacioppo, 460 F.3d 1012, 1021 (8th Cir. 2006) (citation and internal quotation marks omitted). The court will grant the motion "only if there is no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt." Id. (citation and

internal quotation marks omitted). In the present case, the government offered evidence that was more than sufficient to sustain a conviction. Therefore, denial of the motion for judgment of acquittal is warranted.

Accordingly, **IT IS HEREBY ORDERED** that the motions for dismissal and judgment of acquittal are denied.

December 4, 2015

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court