UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-19(DSD/BRT)

United States of America,

                Plaintiff,

v.                                                    **ORDER**

John Hunter, Sr.,

                Defendant.


        Joseph H. Thompson, United States Attorney's Office, 300 South
        4th Street, Suite 600, Minneapolis, MN 55415, counsel for
        plaintiff.

        Rick E. Mattox, Esq. and Mattox Law Office, 16670 Franklin
        Trail SE, Suite 250, Prior Lake, MN 55372, counsel for
        defendant.


        This matter is before the court upon the motions for a new

trial and judgment of acquittal by defendant John Hunter, Sr.

Based on a review of the file, record, and proceedings herein, and

for the following reasons, the court denies the motions.


**BACKGROUND**

        On December 3, 2015, a jury convicted Hunter of conspiracy to

defraud the government (Count 1), presenting false claims to the

government (Counts 2 through 9), and aggravated identity theft

(Counts 10 and 11), as charged in the Second Superseding

Indictment.  Hunter was represented at trial by Assistant Federal

Defender Douglas Olson.  On December 17, 2015, Hunter filed a

motion for a new trial, arguing that (1) the government presented insufficient evidence to prove the Counts 1, 10, and 11 beyond a reasonable doubt, warranting a judgment of acquittal, and (2) Olson allegedly engaged in ineffective assistance of counsel.   Hunter then requested new counsel, and the court appointed Rick E. Mattox to represent him.   On June 15, 2016, Hunter submitted a second motion for a new trial, reasserting the insufficiency of evidence as to Count 1, trial counsel's alleged ineffective assistance of counsel, and arguing that the court improperly admitted certain evidence.

## DISCUSSION

### I.   Judgment of Acquittal

Hunter asks the court to enter a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c) because the government presented insufficient evidence to prove Counts 1, 10, and 11 beyond a reasonable doubt.   When considering such a motion, the court views the evidence "in the light most favorable to the verdict, giving it the benefit of all reasonable inferences." United States v. Cacioppo, 460 F.3d 1012, 1021 (8th Cir. 2006) (citation and internal quotation marks omitted).   The court will grant the motion "only if there is no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt." Id.

**A.    Count 1**

Hunter first argues that the government did not prove the existence of a conspiracy.  The court disagrees.  The government presented ample evidence from which the jury could determine that Hunter conspired with the nominal tax filers on whose behalf he filed fraudulent tax returns.  For example, when agents from the Internal Revenue Service (IRS) interviewed Hunter in January 2013, he admitted that those nominal tax filers knew that the tax returns were fraudulent.  Further, when Special Agent Pitzen advised Hunter that he could be charged with aggravated identity theft, Hunter admitted that his friends gave him their information knowing that he was going to file a fraudulent tax return on their behalf.

Hunter next argues that the government only proved the existence of a "rimless wheel" conspiracy, wherein a defendant enters into separate agreements with various individuals, none of which have any connection with each other.  See Kotteakos v. United States, 328 U.S. 750, 754-55 (1946) (describing a rimless wheel conspiracy).  Specifically, Hunter argues that the evidence only supports a finding of individual agreements between Hunter and each nominal tax filer.  He argues that those individuals did not know that he was involved in a larger conspiracy, and therefore their involvement cannot form the basis for his conspiracy conviction.

This argument is belied by the evidence at trial.  The government presented evidence that Hunter had assistance in

carrying out the tax fraud scheme, and that he disclosed that information to the nominal tax filers. For example, he told government agents that there were people from Atlanta and Miami involved in the scheme. Moreover, one of the nominal tax filers, Maricus Roseman, testified that Hunter took him to a bank to cash his $3,300 tax refund check and that Hunter kept all but $500 of that refund. When he asked Hunter why he was receiving such a small portion of his own tax refund, Hunter told him that they had to split the rest of the money with other individuals involved in the scheme. Accordingly, at least one nominal tax filer, as well as the unnamed co-conspirators, knew that Hunter was involved in a multi-member conspiracy to submit fraudulent tax returns. The evidence therefore supports the conviction on Count 1.

### B. Counts 10 and 11

Hunter next argues that the government failed to prove that the tax returns associated with Counts 10 and 11 were transmitted from a location in the State and District of Minnesota. However, all of the evidence relating to those returns indicates that they were filed from within Minnesota. Hunter lived in Minnesota at the time the tax returns were filed, as did the nominal tax filers. The tax returns listed Minnesota addresses and contained fake W-2s claiming wages from Minnesota employers. The tax returns were filed using an H&R Block account registered to a Minnesota address. The resulting tax refunds were sent by check or deposited onto

4

debit cards registered to Minnesota addresses.   Finally, Hunter

withdrew the refund proceeds from ATM machines or banks located in

Minnesota.   The evidence supports the conviction on Counts 10 and

11.

**II.  New Trial**

Hunter next argues that he should receive a new trial under

Federal Rule of Criminal Procedure 33(a) because the court

improperly admitted evidence and his trial counsel engaged in

ineffective assistance of counsel.   On the motion of a defendant,

"the court may vacate any judgment and grant a new trial if the

interest of justice so requires."   Fed. R. Crim. P. 33(a).   The

court has broad discretion to grant a new trial, but should do so

"only sparingly and with caution."   United States v. Dodd, 391 F.3d

930, 934 (8th Cir. 2004).

**A.  Improper Evidence**

Hunter argues that the court improperly admitted evidence

showing that the fraudulent tax returns were filed from Internet

Protocol (IP) addresses registered to Hunter's home.   Hunter first

argues that those records are inadmissible hearsay.   However, that

evidence was maintained by the IRS as part of its master file, and

the government established its admissibility as a business record

under Federal Rule of Evidence 803(6).   Hunter also argues that

those records constitute an improper summary exhibit under Rule

1006.   However, the records were introduced under Rule 803(6) as a

5

subset of the data in the IRS's master file, and not under Rule 1006.  Accordingly, the evidence was properly admitted.

   **B.   Ineffective Assistance of Counsel**

   Hunter next argues that his trial counsel engaged in ineffective assistance of counsel.  To prevail on a motion for a new trial based on ineffective assistance of counsel, a defendant must meet both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, 694 (1984).  See also United States v. Williams, 562 F.3d 938, 941 (8th Cir. 2009).  First, a defendant must show that his counsel's performance was so deficient that it was objectively unreasonable.  See Strickland, 466 U.S. at 687. Because "[t]here are countless ways to provide effective assistance in any given case" and different attorneys "would not defend a particular client the same way," the court reviews the performance of counsel with significant deference.  Id. at 689.  There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id.  Second, the defendant must also demonstrate prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."  Id. at 694.

   Hunter has failed to establish that his trial counsel's performance was deficient.  He first argues that trial counsel failed to file a motion to suppress his January 2013 statements to IRS agents.  However, those statements were voluntary non-custodial

statements that did not result in his arrest or detention and therefore are not subject to suppression.

Hunter also argues that his trial counsel's performance was deficient because he failed to file any motions relating to the Second Superseding Indictment.  However, Hunter does not specify what motions he believes his trial counsel should have filed.  As such, he is not entitled to relief on this basis.

Hunter next argues that Olson failed to adequately investigate the case.  Specifically, he argues that trial counsel failed to (1) discover the IP address associated with the returns filed in January 2012, and (2) obtain a copy of his communication to the IRS concerning identity theft allegations associated with the 2011 tax returns.  As to the first point, Special Agent Pitzen testified that the government could not obtain internet service provider records because they are only retained for a limited period of time.  As to the second point, Hunter's trial counsel attempted to locate his statement through discovery requests to the government and a subpoena to the IRS.  Neither the government nor the IRS had the statement.  Trial counsel cannot be faulted for failing to obtain documents that apparently do not exist.

Hunter also argues his trial counsel was ineffective because he failed to request a jury instruction regarding the rimless wheel conspiracy.  For the reasons discussed above, his theory was contradicted by the evidence.  His trial counsel did not err in

failing to request such an instruction.

Finally, the court notes that Hunter makes no showing as to how his trial counsel's alleged deficiencies prejudiced him, as required by the second prong of <u>Strickland</u>. Given the overwhelming evidence of Hunter's guilt presented at trial, Hunter cannot demonstrate a reasonable probability that the outcome would have been different but for trial counsel's alleged deficiencies. Thus, Hunter cannot establish that he received ineffective assistance of counsel.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the motions for new trial [ECF Nos. 64 and 85] are denied.

Dated: July 13, 2016

s/David S. Doty
David S. Doty, Judge
United States District Court