UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-19(1)(DSD/BRT)

United States of America,

       Plaintiff,

v.                                                            **ORDER**

John Hunter, Sr.,

       Defendant.

> Joseph H. Thompson, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

> John Hunter, Sr., #18434-041, Federal Prison Camp, P.O. Box 1000, Duluth, MN 55814, defendant pro se.

This matter is before the court upon the motion by pro se defendant John Hunter, Sr. to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion and denies a certificate of appealability.

## BACKGROUND

On September 22, 2015, Hunter was charged with one count of conspiracy to defraud the United States, eight counts of presenting false claims to the government, and two counts of aggravated identity theft. On December 3, 2015, a jury convicted Hunter on all counts. Hunter appealed, and the Eighth Circuit Court of Appeals affirmed his conviction on July 10, 2017. Hunter now moves to vacate, set aside, or correct his sentence on several grounds.

## DISCUSSION

Section 2255 provides a federal inmate with a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by the court. This collateral relief is an extraordinary remedy, reserved for violations of constitutional rights that could not have been raised on direct appeal. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). When considering a § 2255 motion, a court may hold an evidentiary hearing. See 28 U.S.C. § 2255(b). A hearing is not required, however, when "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (citation and internal quotation marks omitted). Here, no hearing is required because the stated grounds for relief are facially meritless.

## I.   Claims Previously Raised on Appeal

Several of Hunter's claims were previously raised and rejected on appeal. On appeal, he argued, among other things that: (1) the government failed to prove a single overarching conspiracy; (2) trial counsel was ineffective for failing to suppress defendant's previous incrimination statement to law enforcement, for failing to

call certain witnesses,[1] and for failing to impeach a witness concerning the witness's schzio-affective disorder; and (3) the district court erred by admitting a summary of IRS records and in its sentencing guidelines calculations by determining loss amount, role in the offense, and relevant conduct when the jury did not make factual findings as these areas.  The Eighth Circuit rejected these arguments.  See United States v. Hunter, 862 F.3d 725 (8th Cir. 2017); Appellant's Br. at 15, 19, 23, 31.  Hunter again raises these claims in his § 2255 motion, but claims "which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255."  Dall v. United States, 957 F.2d 571, 572-73 (8th Cir. 1992) (quoting United States v. Shabazz, 657 F.2d 189, 190 (8th Cir. 1981)(per curiam)). As a result, the court cannot grant relief on these grounds.

## II.  Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, Hunter must meet both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668 (1984).  First, Hunter must show that his

---

[1]  Hunter argued on appeal that his trial counsel was ineffective for failing to call Yasmine Hunter and Rodney Hunter, his siblings, as witnesses.  In his § 2255 motion, Hunter does not specify what witnesses his counsel failed to call.  To the extent that Hunter is referring to his siblings, the argument is barred because it was raised and rejected on appeal.  If Hunter is referring to another witness, the court rejects the argument because Hunter cannot show he was prejudiced; he must show how a specific witness's testimony would have altered the outcome of the trial.

counsel's performance was so deficient that it fell below the level of representation guaranteed by the Sixth Amendment.  Id. at 687. Second, he must establish prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."  Id. at 694.

### A.   Failure to Investigate IP Addresses

During the trial, the government introduced evidence establishing the IP addresses that were used to file several of the fraudulent tax returns.  Hunter argues that his counsel was ineffective for failing to investigate the IP address records.  The court previously rejected this argument in denying Hunter's motion for a new trial because the internet service provider records no longer existed and "trial counsel cannot be faulted for failing to obtain documents that apparently do not exist."  ECF No. 89 at 7. The denial of a new trial was subsequently affirmed by the Eighth Circuit, and Hunter provides no new evidence that causes the court to question its previous decision.

Further, Hunter fails to show that an investigation would have rendered the IP address records inadmissible or would have otherwise changed the outcome of the trial.  As a result, Hunter cannot show prejudice, and the court denies relief on this basis.

### B.   Failure to Object to IRS Business Records

Hunter also faults his trial counsel for failing to object to the admission of a summary of IRS records.  On appeal, the Eighth

Circuit rejected Hunter's argument that the court erred in admitting the summary of the IRS records.  See Hunter, 862 F.3d at 728.   Hunter fails to argue on what non-frivolous grounds his counsel could have objected to the admission of the IRS records, nor can he show that he was prejudiced by the admission of records as they were properly admitted as evidence.  As a result, Hunter cannot show his trial counsel was ineffective.[2]

**C.   Failure to Request Special Verdict Form**

Hunter next argues that his trial counsel should have requested a special verdict form that required the jury to determine the actual loss amount.  This is similar to Hunter's argument, which was rejected on appeal, that the court erred in determining actual loss amount for purposes of sentencing when the jury did not make any such findings.  As noted above, the Eighth Circuit rejected this argument on appeal holding that the jury was not required to determine loss amount "because the district court's loss findings did not increase the statutory maximum sentence or the statutory mandatory minimum sentence."  Hunter, 862 F.3d at 728.  Because the jury was not required to determine the actual loss amount, Hunter's counsel could not have erred in failing to

---

[2] Hunter also argues that the summary of IRS tax records constituted inadmissable hearsay and violated his right to confront witnesses.  As noted above, the Eighth Circuit affirmed the admission of this evidence.  Further, the admission of records kept in the ordinary course of business does not implicate the Confrontation Clause of the Sixth Amendment.  United States v. Ali, 616 F.3d 745, 752 (8th Cir. 2010).

request a special verdict form.  Also, Hunter cannot show that the trial's outcome would have been different or that his sentence would have been different had a special verdict form been requested.  Therefore, Hunter's ineffective assistance of counsel claim fails.

### D.    Failure to Present Mitigating Evidence at Sentencing

Although hard to comprehend, Hunter appears to argue that his sentencing attorney's representation was constitutionally deficient because he did not present mitigating evidence or draw attention to trial counsel's failure to provide an adequate defense.[3]  The court is unpersuaded.  Hunter fails to point to specific mitigating evidence that his counsel could have offered to the court, nor does he show how that evidence would have altered his sentence. Further, the record shows that Hunter's counsel provided adequate representation: he raised several objections to the pre-sentence investigation report, emphasized evidence of Hunter's post-conviction rehabilitation, and noted his difficult family background.  See ECF No. 86; Sentencing Tr. at 2-4.  As a result, Hunter cannot show that his sentencing attorney was ineffective.

## III. Failure to Terminate Trial Counsel

On the third day of trial, Hunter moved to terminate his counsel and obtain replacement counsel, which the court denied.

---

[3]  After trial, the court granted Hunter's pro se motion for a substitution of counsel for sentencing.  See ECF Nos. 69, 70.

Hunter argues that the court erred in doing so. The court disagrees.

"A motion to substitute court appointed counsel is committed to the district court's sound discretion." United States v. Webster, 84 F.3d 1056, 1062 (8th Cir. 1996). A defendant must show that there is "a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant." Id. (internal quotation marks and citation omitted). Further, the court does not favor last minute requests to substitute defense counsel. United States v. Klein, 13 F.3d 1182, 1185 (8th Cir. 1994).

Here, Hunter made his request to terminate trial counsel on the second-to-last day of trial during the charge conference. See Trial Tr. 599-602. Hunter does not point to anything that would have warranted the appointment of new counsel. The fact that Hunter was dissatisfied with his counsel's performance or trial strategy is not sufficient to entitle him to new counsel. United States v. Rodriquez, 612 F.3d 1049, 1054-55 (8th Cir. 2010). The court finds no error in its decision to deny Hunter's motion because it was untimely and would have disrupted a nearly-completed trial. See id. at 1051, 1054-55 (affirming court's denial of defendant's motion for substitution of counsel when motion was made on the first day of trial). As a result, the court also denies relief on this basis.

## IV.  Prosecutorial Misconduct

Hunter next claims that the government materially mischaracterized the evidence during its opening and closing statements.  Hunter points to statements made by the prosecutor that Hunter was involved in a "large" conspiracy when the evidence showed that he worked directly with a group of four other people and that "several" of the tax filers had the last name of Hunter when there were only two.

Hunter's argument is unpersuasive.  A successful habeas petition based on prosecutorial misconduct must show "a reasonable probability that the outcome would have been different but for the improper statement[s]."  Kennedy v. Kemna, 666 F.3d 472, 481 (8th Cir. 2012)(alteration in original)(internal quotation marks and citation omitted).  Given the overwhelming evidence of Hunter's guilt, the alleged mischaracterizations are minor; he cannot show that the outcome of the trial would have been different but for these alleged misstatements.

## V.   Second Superseding Indictment

Finally, Hunter argues that he was never properly indicted because the second superseding indictment was not signed by the grand jury foreperson or the United States Attorney.  As the court noted in its December 4, 2017 order, the court reviewed the original of the second superseding indictment and found that it was

8

properly signed.[4]  <u>See</u> ECF No. 134.  Therefore, Hunter's argument is baseless.

## VI.  Certificate of Appealability

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2).  A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000).  As discussed, the court is firmly convinced that Hunter's motion is baseless, and that reasonable jurists could not differ on the results.  A certificate of appealability is not warranted.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   The motion to vacate, set aside, or correct sentence [ECF No. 118] is denied; and

---

[4]   The copies of the second superseding indictment (and the other indictments) available electronically redact the signatures to protect the identity of the grand jury foreperson.

2.    Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 13, 2018


                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court

10